UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SOSTETENES MAYORGA, on behalf of himself
and other employees similarly situated,

                      Plaintiffs,

                -against-

23rd AND 9th RESTAURANT CORP., d/b/a
Chelsea Square Restaurant, JOHN BUMACI,
and JOHN LAPSATIS,

                      Defendants.
------------------------------------------------------------------X

**07 CIV 9530**

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

JUDGE JONES

     Plaintiff, Sostetenes Mayorga, by his attorneys, Cary Kane LLP, complaining of defendant, alleges:

## PRELIMINARY STATEMENT

     1.     Plaintiff brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

     2.     Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York State Labor Law, N.Y. Lab. L. §§ 650 et seq. ("NYSLL" or "N.Y. Labor Law"). Plaintiff seeks, for himself and all similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, reasonable attorneys' fees, and all other appropriate and legal relief, pursuant to

N.Y. Labor Law § 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over plaintiff's' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over plaintiff's NYSLL claims is invoked pursuant to N.Y. Labor Law § 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are so related to plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendant maintains its principal place of business in, does business in, and has designated an address located in this District for service of process and, accordingly, resides in this District. Venue is further proper within this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred within this district.

## PARTIES

6. Plaintiff Sostetenes Mayorga ("Mayorga") is a resident of New York City in the State of New York. At all relevant times, Mayorga was employed by defendant.

7. Defendant 23rd and 9th Restaurant Corp. d/b/a Chelsea Square Restaurant ("Chelesa Square") is a New York corporation with its principal place of business at 368 West 23rd Street, New York, NY 10011.

8. Chelsea Square is an "employer," within the meaning of 29 U.S.C. § 203(d) and N.Y. Labor Law § 651. Upon information and belief, Chelsea Square is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

9. Defendant John Bumaci ("Bumaci") is an individual doing business in New York City and, upon information and belief, is a shareholder, officer and/or agent of Chelsea Square. At all relevant times, Bumaci had control over the employment practices of Chelsea Square and was responsible for the wage and hour practices complained of herein. Therefore, Bumaci is an "employer" within the definition of 29 U.S.C. § 203(d) and N.Y. Labor Law § 651.

10. Defendant John Lapsatis ("Lapsatis") is an individual doing business in New York City and, upon information and belief, is a shareholder, officer and/or agent of Chelsea Square. At all relevant times, Lapsatis had control over the employment practices of Chelsea Square and was responsible for the wage and hour practices complained of herein. Therefore, Lapsatis is an "employer" within the definition of 29 U.S.C. § 203(d) and N.Y. Labor Law § 651.

## FACTUAL ALLEGATIONS

11. Mayorga was employed by defendants from in or around 1993 until in or around 2000, and from in or around January of 2002 until in or around July of 2007, when he was terminated by his employer after he was injured on the job and sought medical treatment. For the entire period of his employment, Mayorga worked in the non-exempt position of dishwasher. As a dishwasher, Mayorga regularly cleaned dishes, pots, pans, and other cooking utensils. Mayorga also would help peel and prepare vegetables, clean the restaurant's kitchen, and accept deliveries of food for the restaurant.

12. During the period he was employed by defendants, Mayorga regularly worked six days a week from 9:00 a.m. to 7:00 p.m. For the period in or around January 2002 to in or around February, 2004, Mayorga was paid at the rate of $280 per week. For

the period in or around March 2004 to in or around February 2006, Mayorga was paid at the rate of $290 per week. For the period in or around March 2006 until he left the employ of defendants, Mayorga was paid at the rate of $300 per week.

13. Thus, from January 2002 until July of 2007, although Mayorga regularly worked 60 hours per week, he was only paid between $4.67 per hour and $5.00 per hour.

14. Upon information and belief, defendants do not keep and have not kept accurate time records of the hours worked by plaintiff and/or other dishwashers at Chelsea Square.

15. Upon information and belief, if and when inspectors from the Federal or State Departments of Labor have inspected defendants' workplace, defendants have instructed plaintiff and other non-exempt employees to leave the premises so to avoid being questioned as to defendants' wage and hour practices.

16. Upon information and belief, defendants have known of and/or showed reckless disregard for the practice by which plaintiff and other non-exempt employees of defendants are not paid for all hours worked in a week. Upon information and belief, defendants have known of and/or showed reckless disregard for whether their practices violate the FLSA and the NYSLL.

17. Pursuant to 29 U.S.C. §§ 216 and 256, a consent form executed by plaintiff is annexed hereto as Exhibit A.

## COLLECTIVE ACTION ALLEGATIONS

18. Upon information and belief, defendants have, over the past six years, employed over 15 different workers in the non-exempt position of dishwasher. These employees had the same job duties as plaintiff referenced in paragraph 11 herein.

19. Upon information and belief, defendants paid each of these employees no more than $300 a week for sixty hours of work in the week.

20. The unlawful employment practices at issue with respect to its dishwashers are identical to the unlawful employment practices with respect to plaintiff. In all cases, defendants have failed to pay the statutorily required minimum wages under the FLSA and the NYSLL, have failed to pay the statutorily required overtime rate for all hours worked over 40 in a week pursuant to the FLSA and the NYSLL, have failed to keep accurate time records of all hours worked by dishwashers, and have known of and/or showed reckless disregard for whether these and other practices violate the FLSA and the NYSLL.

21. Other dishwashers currently or formerly employed by defendants should have the opportunity to have their claims for violations of the FLSA and NYSLL heard. Certifying this action as a collective action under FLSA will provide other dishwashers to receive notice of the action and allow them to opt in to such an action if they so choose.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Failure to Pay Minimum Wage - FLSA)

22. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 21 as if recited at length herein.

23. At all relevant times, plaintiff was an employee engaged in commerce or was employed in an enterprise engaged in commerce, within the meaning of 29 U.S.C. § 206(a).

24. At all relevant times, defendants did not pay plaintiff the statutorily required minimum wage set forth at 29 U.S.C. § 206(a).

25. Upon information and belief, at all relevant times, defendants did not pay any dishwashers at Chelsea Square the statutorily required minimum wage set forth at 29 U.S.C. § 206(a).

26. Defendants, by the above acts, have violated 29 U.S.C. § 206.

27. Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

28. Plaintiff and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

29. No previous application for relief has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wage - FLSA)

30. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 29 as if recited at length herein.

31. At all relevant times, defendants have not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

32. Upon information and belief, at all relevant times, defendants did not pay other dishwashers at Chelsea Square the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

33. Defendants, by the above acts, have violated 29 U.S.C. § 207.

34. Upon information and belief, said violations are willful within the

meaning 29 U.S.C. § 255(a).

35. Plaintiff and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

36. No previous application for relief has been made for the relief requested herein.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Failure to Pay Minimum Wage – NYSLL)

37. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 36 as if recited at length herein.

38. At all relevant times, defendants did not pay plaintiff the statutorily required minimum wage set forth at N.Y. Labor Law § 652 and 12 NYCRR § 137-1.2.

39. Upon information and belief, defendants did not pay any dishwashers at Chelsea Square the statutorily required minimum wage set forth at N.Y. Labor Law § 652 and 12 NYCRR § 137-1.2.

40. Defendants, by the above acts, have violated N.Y. Labor Law § 652 and 12 NYCRR § 137-1.2.

41. Upon information and belief, said violations are willful within the meaning of N.Y. Labor Law § 663.

42. Plaintiff and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

43. No previous application for relief has been made for the relief requested

herein.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Failure to Pay Overtime Wage – NYSLL)

44. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 43 as if recited at length herein.

45. At all relevant times, defendants have not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

46. Upon information and belief, at all relevant times, defendants did not pay other dishwashers at Chelsea Square the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

47. Defendants, by the above acts, have violated N.Y. Labor Law § 652 and 12 NYCRR § 137-1.3

48. Upon information and belief, said violations are willful within the meaning N.Y. Labor Law § 663.

49. Plaintiff and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

50. No previous application for relief has been made for the relief requested herein.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of therein are in violation of the FLSA and NYSLL;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and N.Y. Labor Law § 663;

(c) enjoining and restraining permanently the violations alleged therein, pursuant to 29 U.S.C. § 217;

(d) directing defendants to make plaintiff and all similarly situated employees whole for all wages paid below the statutory minimum wage as a consequence of defendant's violations of the FLSA & NYSLL;

(e) directing defendants to make plaintiff and all similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA and NYSLL;

(f) directing defendant to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(g) directing defendant to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in N.Y. Labor Law § 663.

(h) awarding plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and N.Y. Labor Law § 663; and

(i) granting such other and further relief as this Court deems necessary

and proper.

Dated: New York, New York
       October 24, 2007

> Respectfully submitted,
> CARY KANE LLP
> Attorneys for Plaintiff
>
> By: _____
> Walter Kane (WK7122)
> Joshua S.C. Parkhurst (JP5022)
> 1350 Broadway, Suite 815
> New York, NY 10018
> (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.