Jeffery A. Meyer (JM-4468)
Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
jmeyer@kdvlaw.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SOSTETENES MAYORGA, on behalf of himself      Index No. 07 Civ. 9530
and other employees similarly situated,
                                    Plaintiffs,

            -against-                          **ANSWER**

23RD AND 9TH RESTAURANT CORP., d/b/a
CHELSEA SQUARE RESTAURANT, JOHN
BUMACI, and JOHN LAPSATIS,

                                    Defendants.
------------------------------------------------------------X

The Defendants, 23rd and 9th Restaurant Corp. d/b/a Chelsea Square Restaurant, John Bumaci, and John Lapsatis (hereinafter referred to as "Defendants"), by and through their attorneys, Kaufman Dolowich & Voluck LLP, as and for their Answer to the subject Complaint, sets forth the following:

## AS AND FOR DEFENDANT'S RESPONSES

1. Defendants neither admit nor deny the allegations set forth in Paragraph 1 of the Complaint, as they are not allegations of fact, but rather a prayer for relief and conclusions of law.

2.  Defendants neither admit nor deny the allegations set forth in Paragraph 2 of the Complaint, as they are not allegations of fact, but rather a prayer for relief and conclusions of law.

3.  Defendants neither admit nor deny the allegations set forth in Paragraph 3 of the Complaint, as they are not allegations of fact, but rather jurisdictional statements.

4.  Defendants neither admit nor deny the allegations set forth in Paragraph 4 of the Complaint, as they are not allegations of fact, but rather jurisdictional statements.

5.  Defendants neither admit nor deny the allegations set forth in Paragraph 5 of the Complaint, as they are not allegations of fact, but rather jurisdictional statements.

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.  Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.  Defendants neither admit nor deny the allegations set forth in Paragraph 8 of the Complaint as they are not allegations of fact, but conclusions of law.

9.  Defendants neither admit nor deny the allegations set forth in Paragraph 9 of the Complaint as they are not allegations of fact, but conclusions of law.

10. Defendants neither admit nor deny the allegations set forth in Paragraph 10 of the Complaint as they are not allegations of fact, but conclusions of law.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants neither admit nor deny the allegations set forth in Paragraph 17 of the Complaint as they are not allegations of fact, but conclusions of law.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants neither admit nor deny the allegations set forth in Paragraph 21 of the Complaint, as they are not allegations of fact, but rather a prayer for relief and conclusions of law.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION

22. In response to Paragraph 22 of the Complaint, Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 21 of the Defendants' Answer.

23. Defendants neither admit nor deny the allegations set forth in Paragraph 23 of the Complaint as they are not allegations of fact, but conclusions of law.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

30. In response to Paragraph 30 of the Complaint, Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 29 of the Defendants' Answer.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION

37. In response to Paragraph 37 of the Complaint, Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 36 of the Defendants' Answer.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION

44. In response to Paragraph 44 of the Complaint, Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 43 of the Defendants' Answer.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

51. Upon information and belief, the claims for relief alleged in the Subject Complaint fail to properly state, specify or allege, in whole or in part, a claim upon which relief may be granted.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

52. Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

53. Plaintiffs are prohibited from instituting this action against Defendants inasmuch as Plaintiffs failed to commence this action within the

requisite time in light of the Defendants' good faith, "non-willful" and/or lawful conduct.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

54. Prior to the commencement of this action, Defendants paid, in whole or in part the alleged claims of Plaintiffs.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

55. That if it is determined that Defendants are responsible for the acts alleged in the Subject Complaint, then liquidated damages should be denied, or the amount awarded should be reduced, as a result of the good faith and reasonable actions on the part of the Defendants.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

56. Plaintiffs have failed to consider the applicable tip credit in calculating their wages.

### AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff and the putative collective action members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

### AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

58. As Plaintiff is not an adequate representative, a collective action is inappropriate.

## AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

59.  The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258 (a) and 259 (a), as the Defendants have acted in good faith and in reliance upon applicable regulations and interpretations with regard to some or all of the acts or omissions alleged in the Subject Complaint.

## AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

60.  The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

61.  Plaintiff and putative collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA.

## AS AND FOR DEFENDANTS' TWELVETH AFFIRMATIVE DEFENSE

62.  If Plaintiffs and any putative class/collective action member sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiffs, putative class/collective action members, or others, which contributed to and proximately caused any such injury, damage or loss.

## AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

63.  The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR DEFENDANTS' FORTEENTH AFFIRMATIVE DEFENSE

64. The Subject Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiff or putative collective action members had unclean hands.

## AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

65. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by judicial, equitable and/or collateral estoppel.

## AS AND FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

66. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of laches.

## AS AND FOR DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

67. To the extent Plaintiff and putative collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## AS AND FOR DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

68. Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Complaint.

## AS AND FOR DEFENDANTS' NINETEENTH AFFIRMATIVE DEFENSE

69. Similarly, a collective action is inappropriate vis-à-vis the New York State Law claims, as supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Complaint.

## AS AND FOR DEFENDANTS' TWENTIETH AFFIRMATIVE DEFENSE

70. New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

**WHEREFORE**, it is respectfully requested that the Subject Complaint be dismissed in its entirety, and that Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
       December 21, 2007

                                       KAUFMAN DOLOWICH & VOLUCK LLP
                                       Attorneys for Defendants

                                       By: _____
                                       Jeffery A. Meyer, Esq.
                                       135 Crossways Park Drive, Suite 201
                                       Woodbury, New York 11797
                                       (516) 681-1100

ND: 4834-6504-4738, v. 1